**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CASE NO.: ______________________________**

**SETHE BAKER,**

Plaintiff,

v.

**SHELLPOINT MORTGAGE,**

Defendant.
____________________________________ /

# DEFENDANT SHELLPOINT'S[1] NOTICE OF REMOVAL

## I. INTRODUCTION

Defendant Shellpoint removes the action pending in the Circuit Court of the Tenth Judicial Circuit, in and for Polk County, Florida, under case number 2016-CA-001948. The action is styled *Sethe Baker v. Shellpoint Mortgage*. Removal is based on federal question jurisdiction under 28 U.S.C. §§ 1331 and 1441(b).

## II. PROCEDURAL COMPLIANCE

This notice is timely. Plaintiff served Shellpoint with the complaint and summons on June 22, 2016.[2] This constituted the first legal notice for purposes of removal, making the removal deadline July 22, 2016. *See* 28 U.S.C. § 1446(b) (where removal is based on complaint's allegations, notice of removal must be filed "within 30 days after receipt by

---

[1] "**Shellpoint**" refers to New Penn Financial, LLC, d/b/a Shellpoint Mortgage Servicing, misidentified in the complaint as "Shellpoint Mortgage."

[2] No return of service has been filed. Mr. Baker instead filed an e-mail notification from the process server. Shellpoint has agreed to waive any challenge to the propriety of service, and the parties stipulated to extend Shellpoint's complaint response deadline until after the removal deadline.

defendant, through service or otherwise, of a copy of the initial pleading"); *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 356 (1999) (holding 30-day statutory time period does not accrue until a party is formally served).

Removal to this Court is appropriate because it is "the district court of the United States for the district and division within which such action is pending." 28 U.S.C. § 1446(a); *see also* M.D. Fla. Local Rule 1.02(b)(1) (providing that the Tampa Division encompasses Polk County, Florida).

The complaint includes three counts for alleged improper debt collection activities and alleged calls to Mr. Baker's cellular telephone with an automated telephone dialing system without prior express consent. Copies of the process, pleadings, orders, and other papers or exhibits of every kind on file with the state court are attached as **COMPOSITE EXHIBIT A** in compliance with 28 U.S.C. § 1446(a) and M.D. Fla. Local Rule 4.02(b).

Contemporaneous with the filing of this notice, the undersigned has served a *Notice of Filing of Notice of Removal* upon plaintiff as required by 28 U.S.C. § 1446(d), a copy of which (without exhibits) is attached as **EXHIBIT B**. The original of the notice attached as EXHIBIT B, with exhibits, is being filed with the Clerk of the Circuit Court in and for Polk County, Florida, as required by 28 U.S.C. § 1446(d).

As 28 U.S.C. § 1446(a) also requires, the grounds for removal are set forth below.

## III. SUMMARY OF GROUNDS FOR REMOVAL

Removal is grounded upon federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(b). Federal questions are raised by Mr. Baker's claims under the federal Fair

Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (**FDCPA**), and the federal Telephone Consumer Practices Act, 47 U.S.C. § 227, *et seq.* (**TCPA**).

Whether a claim arises under federal law so as to confer federal question jurisdiction under is governed by the well-pleaded complaint rule. Under that doctrine, "federal jurisdiction exists . . . when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987). Mr. Baker expressly alleges a claim for relief under the FDCPA and TCPA, conferring federal question jurisdiction and making this case removable. *See Boone v. JP Morgan Chase*, 447 Fed. Appx 961, 963 (11th Cir. 2011) ("Here, removal to federal court was proper because the district court had subject-matter jurisdiction based on the alleged violations of federal statutes including TILA, RESPA, and FDCPA.")

Pursuant to 28 U.S.C. § 1367(a), this Court also has supplemental jurisdiction over Mr. Baker's claim under the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55, *et seq.* (**FCCPA**), because it is inextricably intertwined with and forms part of the same case or controversy as the federal claims. *See City of Chicago* v. *Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997) (district court may exercise supplemental jurisdiction over state law claims that constitute "part of the same case or controversy" as claims arising under federal law); *Speidel v. Amercian Honda Finance Corp*, 2014 WL 820703 (M.D. Fla. Feb. 28, 2014) (supplemental jurisdiction over FCCPA claim was proper in case removed for TCPA claims, because the "state and federal law claims are a part of the same case or controversy as they all derive from the alleged debt collection practices of the Defendant").

## IV. CONCLUSION

Shellpoint respectfully requests that the Court take jurisdiction over this matter and conduct all further proceedings in this case.

Respectfully submitted,

**AKERMAN LLP**

*/s/ Joseph S. Troendle*
Justin E. Hekkanen
Florida Bar No. 33712
Primary E-mail: justin.hekkanen@akerman.com
Secondary E-mail: nicole.frierson@akerman.com
Joseph S. Troendle
Florida Bar No. 60103
Primary E-mail: joseph.troendle@akerman.com
Secondary E-mail: emory.woodard@akerman.com
50 North Laura Street, Suite 3100
Jacksonville, FL 32202-3646
904-798-3700 (ph) / 904-798-3730 (fax)
*—and—*
William P. Heller
Florida Bar No. 987263
Primary e-mail: william.heller@akerman.com
Secondary e-mail: lorraine.corsaro@akerman.com
Las Olas Centre II
350 East Las Olas Blvd., Suite 1600
Fort Lauderdale, FL 33301
954-759-8945 (ph) / 954-463-2224 (fax)
*Counsel for New Penn Financial, LLC, d/b/a Shellpoint Mortgage Servicing*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 22, 2016, the foregoing document is being hand delivered to the Clerk of Court for filing and served this day on all counsel of record identified below by U.S. mail and electronic mail.

Christie D. Arkovich, Esq., *counsel for plaintiff*
Law Office of Christie D. Arkovich, 1520 W. Cleveland Street, Tampa, FL 33606
E-Mail: cdalaw@tampabay.rr.com; cdalaw5@tampabay.rr.com

*/s/ Joseph S. Troendle*
Attorney