IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA
CIVIL DIVISION

SETHE BAKER
    Plaintiff

v.                                        Case No. 2016-CA-001948

SHELLPOINT MORTGAGE,

    Defendant
_____/

## COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES AND DEMAND FOR JURY TRIAL

**COMES NOW** Plaintiff SETHE BAKER, by and through the undersigned attorney, and files this Complaint against the Defendant(s) SHELLPOINT MORTGAGE ("SHELLPOINT"), and would show:

### INTRODUCTION

This action arises out of the facts and circumstances surrounding the collection of an alleged consumer debt. Plaintiff, an individual, brings this action for statutory damages, and actual damages against the Defendant, as well as attorney's fees and the costs of litigation for the Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Florida Consumer Collection Practices Act, Title XXXIII, Chapter 559, Part VI, Florida Statutes ("FCCPA"), and the Telephone Consumer Practices Act, 47 U.S.C. § 227 *et seq.* ("TCPA"). These laws prevent debt collectors from *inter alia,* engaging in abusive, unfair and deceptive debt collection practices, as well as regulate the type of telephone equipment organizations may use to contact consumers.

## JURISDICTION AND VENUE

1. This is an action for money damages in excess of $15,000, exclusive of costs and attorney's fees.

2. Jurisdiction of this Court arises under 559.77(1), Fla. Stat., 15 U.S.C. § 1692k(d), and 47 U.S.C. § 227(b)(3).

3. Venue lies in this circuit pursuant to 559.77(1), Fla. Stat., 15 U.S.C. § 1692k(d), and 47 U.S.C. § 227(b)(3).

4. This Court has jurisdiction.

## PARTIES

5. Plaintiff is an individual, a natural person and a "consumer" residing in Polk County, Florida, who is alleged to owe a consumer debt to Shellpoint Mortgage.

6. Shellpoint Mortgage (hereinafter "SHELLPOINT") is a foreign limited liability company, with its principal place of business located at 75 Beattie Place, Suite 300, Greenville, SC 29601.

7. Defendant SHELLPOINT is engaged in the collection of consumer debts using the telephone, the US mail and all other means at its disposal.

8. Defendant SHELLPOINT regularly attempts to collect consumer debts alleged to be owed to another.

9. Defendant SHELLPOINT is a "debt collector" as defined by the FDCPA and the FCCPA.

10. At all times herein, SHELLPOINT was a "person" as defined by Section 559.55, Fla. Stat. *See Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

## FACTS

11. At all times herein, the Plaintiff was alleged to owe a debt to SHELLPOINT ("the debt").

12. The debt was incurred for Plaintiff's personal, family and/or household purposes.

13. The predecessor/assignor of this debt was American General.

14. On May 13, 2010, Plaintiff filed a Chapter 7 bankruptcy in the Middle District of Florida, Tampa Division, bearing Case No. 8:10-bk-11408-CPM. On his Chapter 7 Individual Statement of Intention, Plaintiff stated that he was surrendering the property to American General. A copy of Plaintiff's Chapter 7 Individual Statement of Intention is attached hereto as Exhibit "A."

15. On June 3, 2011, Plaintiff received his Chapter 7 Discharge. A copy of said Discharge is attached hereto as Exhibit "B."

16. In February 2016, SHELLPOINT began calling the Plaintiff's cellular telephone, the number of which is (863) [redacted] 3635, for the purpose of collecting the debt.

17. Each time SHELLPOINT called the Plaintiff's cellular telephone, when the Plaintiff answered the call, there would be a period of silence for several seconds, then a mechanical clicking noise prior to a live person coming onto the line.

18. On several occasions, after the immediately aforementioned period of silence and mechanical clicking noises, the call would be terminated by the calling party without a live person ever coming onto the line.

19. Upon information and belief, the immediately aforementioned characteristics of the telephone calls indicate that SHELLPOINT used an automatic telephone dialing system ("auto-dialer") to place the telephone calls each time that it called the Plaintiff's cellular telephone.

20. The Plaintiff never provided prior express consent for SHELLPOINT to call his cellular telephone.

21. On or about February 12, 2016, during one such telephone call from SHELLPOINT to the Plaintiff, the Plaintiff specifically informed SHELLPOINT that it did not have his consent to call his cellular telephone, and that he had discharged the alleged debt in his bankruptcy.

22. Despite being informed that he had discharged the debt in his bankruptcy, SHELLPOINT continued to call the Plaintiff in an attempt to collect the debt.

23. Despite being informed that it did not have the Plaintiff's consent to call his cellular telephone, SHELLPOINT continued to use an auto-dialer to call the Plaintiff's cellular telephone in excess of thirty-six (36) times after having received instructions not to call by the Plaintiff. Two (2) calls were made to Plaintiffs' cellular telephone on February 12, 2016. Three (3) calls were made to Plaintiffs' cellular telephone March 14, 2016. Nine (9) calls were made to Plaintiffs' cellular telephone on March 29, 2016. Two (2) calls were made to Plaintiffs' cellular telephone on March 30, 2016. Two (2) calls were made to Plaintiffs' cellular telephone on March 31, 2016. Three (3) calls were made to Plaintiffs' cellular telephone on April 1, 2016. Two (2) calls were made to Plaintiffs' cellular telephone on April 8, 2016. Two (2) calls were made to Plaintiffs' cellular telephone on April 9, 2016. Three (3) calls were made to Plaintiffs'

cellular telephone on April 11, 2016. Three (3) calls were made to Plaintiffs' cellular telephone on April 13, 2016. One (1) call was made to Plaintiffs' cellular telephone on April 19, 2016. One (1) call was made to Plaintiffs' cellular telephone on April 20, 2016. One (1) call was made to Plaintiffs' cellular telephone on May 10, 2016. One (1) call was made to Plaintiffs' cellular telephone on May 11, 2016. One (1) call was made to Plaintiffs' cellular telephone on May 13, 2016.

24. The telephone calls from SHELLPOINT to the Plaintiff began in February 2016 and have continued to occur on a regular basis until the present, May 2016. The exact number of calls, and the date and time of each call, will be ascertained through discovery.

25. Numerous unlawful auto-dialed telephone calls from SHELLPOINT to the Plaintiff's cellular telephone occurred within one year of the filing of this action.

26. All of the aforementioned telephone calls were willfully and knowingly made by SHELLPOINT to the Plaintiff's cellular telephone while SHELLPOINT was aware that the Plaintiff did not consent to receiving such calls.

27. SHELLPOINT consented to and has knowledge and control over the collection and business activities of its agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors.

28. Section 559.77, Fla. Stat. provides for an award of up to $1,000.00 statutory damages per each adverse adjudication, as well as actual damages, and an award of attorney's fees to the Plaintiff should the Plaintiff prevail in this matter against the

Defendants. *See Beeders v. Gulf Coast Collection Bureau,* 632 F. Supp. 2d 1125, 1130 (M.D. Fla. 2009).

29. 15 U.S.C. § 1692k provides for the award of up to $1,000.00 statutory damages, actual damages and an award of attorney's fees to the Plaintiff should the Plaintiff prevail in this matter against the Defendants.

30. 47 U.S.C. § 227 (b)(3)(B) provides for statutory damages of five hundred dollars ($500.00) for each and every telephone call placed to the Plaintiff's cellular telephone with an auto-dialer without his express prior consent.

31. In addition, if the Court finds the Defendant willfully and knowingly violated the forgoing section, the Court may award treble damages to the Plaintiff for such violations pursuant to 47 U.S.C. § 227 (b)(3).

32. Additionally, upon information and belief, collection of this debt is time barred by the relevant statute of limitations as payments have not been made for several years. Plaintiff believes the last payment made was in 2010.

33. All conditions precedent to the filing of this lawsuit have been completed or have been waived.

## CAUSES OF ACTION

### COUNT I – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTIONS ACT

34. Plaintiff repeats, re-alleges and incorporates paragraphs 1-33 as though fully restated herein.

35. While attempting to collect a debt, SHELLPOINT unlawfully used an auto-dialer to call the Plaintiff's cellular telephone on numerous occasions without the

Plaintiff's consent, and after the Plaintiff had specifically instructed it to cease calling his cellular telephone.

36. The immediately aforementioned unlawful conduct violated Sections 559.72(7) and 559.72(9), Fla. Stat.

37. As a result of the Defendant's violations of the FCCPA, the Defendant is liable to the Plaintiff for actual damages, statutory damages, attorney's fees and the costs of litigation pursuant to Section 559.77(2) Fla. Stat.

WHEREFORE, Plaintiff respectfully demands that the Court enter judgment in Plaintiff's favor and against the Defendant for:

    a. Damages;

    b. Attorney's fees and the costs of litigation;

    c. A permanent injunction enjoining the Defendant from engaging in the complained-of practices; and

    d. Such other or further relief as the Court deems just and proper.

## COUNT II – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

38. Plaintiff repeats, re-alleges and incorporates paragraphs 1-33 as though fully restated herein.

39. In its attempts to collect the debt, SHELLPOINT unlawfully used an auto-dialer to call the Plaintiff's cellular telephone on numerous occasions, after the Plaintiff had specifically informed SHELLPOINT that it did not have his consent to do so.

40. The forgoing conduct violated 15 U.S.C. § 1692c, 15 U.S.C. § 1692d, 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

41. As a result of the Defendant's violations of the FDCPA, the Defendant is liable to Plaintiff for actual damages, additional damages of up to $1,000.00, attorney's fees and the costs of litigation for the foregoing violations of the FDCPA, pursuant to 15 U.S.C. § 1692k.

WHEREFORE, Plaintiff respectfully demands that the Court enter judgment in Plaintiff's favor and against the Defendant for:

    a. Damages;

    b. Attorney's fees and the costs of litigation; and

    c. Such other or further relief as the Court deems just and proper.

## COUNT III – VIOLATIONS OF THE TCPA

42. Plaintiff repeats, re-alleges and incorporates paragraphs 1-33 as though fully restated herein.

43. Defendant, in the conduct of its business, used an automated telephone dialing system, as defined by 47 U.S.C. § 227(a)(1)(A) to place telephone calls to the Plaintiff's cellular telephone.

44. Section 47 U.S.C. § 227(b)(1)(A)(iii provides in pertinent part:

It shall be unlawful for any person within the United States –

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automated telephone dialing system or an artificial or prerecorded voice –
    (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

45. Defendant is subject to, and has violated the TCPA by using an automated telephone dialing system to call the Plaintiff's cellular telephone, numerous times, without his prior express consent.

46. Each of the telephone calls to the Plaintiff's cellular telephone were knowingly, willfully and consciously made in violation of the TCPA, as the Defendants were aware that they did not have the Plaintiff's consent to call him on his cellular telephone Defendant harassed Plaintiff by incessantly calling or texting Plaintiff's cellular telephone.

47. Defendant's phone calls harmed Plaintiff by wasting Plaintiff's time, causing untimely, constant interruptions and distractions, and depleted the battery life on Plaintiff's cellular telephone.

48. Defendant's phone calls harmed Plaintiff by using minutes or texting data allocated to Plaintiff's cellular telephone service provider and may have also used storage space on Plaintiff's phone.

49. The repeated phone calls (including the time of day and pattern) harmed Plaintiff by intruding upon Plaintiff's seclusion and invading Plaintiff's privacy.

50. The repeated phone calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone line.

51. Congress enacted the TCPA to prevent real harm. Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call and determined that banning such calls made without consent was the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

52. Defendant's phone calls harmed Plaintiff by causing the very harm that Congress sought to prevent – a "nuisance and invasion of privacy".

53. As a direct and approximate result of Defendant's conduct, the Plaintiff has suffered: (a) the periodic loss of cellular telephone service, (b) the costs associated with the usage of cellular telephone service during each call, (c) statutory damages under the TCPA, and (d) the expenditure of costs and attorney's fees associated with the prosecution of this matter, along with other damages which have been lost.

54. As a result of the above violations of the TCPA, the Defendant is liable to the Plaintiff for the amount of $500.00 as damages for each violation pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

55. Based on the willful, knowingly, and intentional conduct of the Defendant as described above, the Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in his favor and against each Defendant for:

    a. $500.00 statutory damages for each violation of the TCPA pursuant to 47 U.S.C. § 227 (b)(3)(B);

    b. Treble statutory damages of $1,500.00 per knowing and willful violation of the TCPA pursuant to 47 U.S.C. § 227 (b)(3);

    c. Costs of litigation, and;

    d. Such other or further equitable relief as the Court deems just and appropriate under the circumstances.

## JURY DEMAND

Please take notice that the Plaintiff respectfully demands trial by jury on all issues so triable.

Dated this 13th day of ~~May~~ June, 2016.

Respectfully Submitted:

/s/ Christie D. Arkovich

Christie D. Arkovich, Esq.
Florida Bar No. 963690
cdalaw@tampabay.rr.com
Barbara C. Leon, Esq.
Florida Bar No. 582115
cdalaw5@tampabay.rr.com
CHRISTIE D. ARKOVICH, P.A.
1520 W. Cleveland St.
Tampa, Florida 33606
(813) 258-2808
(813) 258-5911 (FAX)
Attorneys for Plaintiff

B 6 (Official Form 6) (12/08)

# UNITED STATES BANKRUPTCY COURT
## Middle District of Florida
## Tampa Division

In re __Sethe Anson Baker__   Case No. __8:10-bk-11408-CPM__
　　　　　　Debtor　　　　　　　　　　　　　　　　　　　Chapter 7

# CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

PART A – Debts secured by property of the estate. *(Part A must be fully completed for EACH debt which is secured by property of the estate. Attach additional pages if necessary.)*

| Property No. 1 | |
|---|---|
| **Creditor's Name:**<br>American General | **Describe Property Securing Debt:**<br>Homestead Real Property<br><br>Legally known as:<br><br>EG SE COR OF SEC RUN S 76 FT W 150.61 FT N 62 DEG 47' 45" W 585 FT N 27 DEG 12' 15" E 92.40 FT N 244.89 FT TO POB RUN N 76.02 FT TO PT ON CURVE NWLY ALONG CURVE 38.31 FT N 87 DEG 34' 25" W 50 FT S 02 DEG 25' 35" W 100 FT S 87 DEG 34' 25" E 77.91 FT TO POB BEING LOT 61 OF UNREC FOXBRIAR<br><br>Commonly known as:<br><br>1545 Foxridge Run SW<br>Winter Haven, FL 33880 |

Property will be *(check one)*:
☑ Surrendered　　　☐ Retained

If retaining the property, I intend to *(check at least one)*:
☐ Redeem the property
☐ Reaffirm the debt
☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f))

Property is *(check one)*:
☑ Claimed as exempt　　　☐ Not claimed as exempt

| Property No. 2 | |
|---|---|
| **Creditor's Name:**<br>GTE Federal Credit Union | **Describe Property Securing Debt:**<br>2001 Ford F-150<br>190,000 miles |

EXHIBIT  A

Property will be (check one):
- ☐ Surrendered
- ☒ Retained

If retaining the property, I intend to (check at least one):
- ☒ Redeem the property
- ☐ Reaffirm the debt
- ☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f))

Property is (check one):
- ☐ Claimed as exempt
- ☒ Not claimed as exempt

---

| Property No. 3 | |
|---|---|
| **Creditor's Name:**<br>HSBC Mortgage | **Describe Property Securing Debt:**<br>Homestead Real Property<br><br>Legally known as:<br><br>EG SE COR OF SEC RUN S 76 FT W 150.61 FT N 62 DEG 47' 45" W 585 FT N 27 DEG 12' 15" E 92.40 FT N 244.89 FT TO POB RUN N 76.02 FT TO PT ON CURVE NWLY ALONG CURVE 38.31 FT N 87 DEG 34' 25" W 50 FT S 02 DEG 25' 35" W 100 FT S 87 DEG 34' 25" E 77.91 FT TO POB BEING LOT 61 OF UNREC FOXBRIAR<br><br>Commonly known as:<br><br>1545 Foxridge Run SW<br>Winter Haven, FL 33880 |

Property will be (check one):
- ☒ Surrendered
- ☐ Retained

If retaining the property, I intend to (check at least one):
- ☐ Redeem the property
- ☐ Reaffirm the debt
- ☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f))

Property is (check one):
- ☒ Claimed as exempt
- ☐ Not claimed as exempt

---

| Property No. 4 | |
|---|---|
| **Creditor's Name:**<br>Todd Cole | **Describe Property Securing Debt:**<br>2000 Harley Davidson |

Property will be (check one):
☑ Surrendered          ☐ Retained

If retaining the property, I intend to (check at least one):
☐ Redeem the property
☐ Reaffirm the debt
☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f))

Property is (check one):
☐ Claimed as exempt          ☑ Not claimed as exempt

PART B -- Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

| Property No. 1 | | |
|---|---|---|
| Lessor's Name: None | Describe Leased Property: | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2): ☐ YES   ☐ NO |

__0__ continuation sheets attached (if any)

I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.

Date: _____

_____
Sethe Anson Baker
Signature of Debtor

Form B18 (Official Form 18)(12/07)

# United States Bankruptcy Court
## Middle District of Florida
Case No. 8:10-bk-11408-CPM
Chapter 7

In re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
Sethe Anson Baker
1545 Fox Ridge Run
Winter Haven, FL 33880

Social Security No.:
xxx-xx-4510

Employer's Tax I.D. No.:

## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

BY THE COURT

*Catherine M<sup>c</sup>Ewen* (signature)

Dated: June 3, 2011

Catherine Peck McEwen
United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

EXHIBIT B